UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL LLOYD CUMMINGS, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-02891-SEB-MJD |
| USA, | ) |
| Respondent. | ) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

Petitioner Michael Lloyd Cummings's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice for the reasons set forth below. In addition, the Court finds that it does not have the legal authority to issue a certificate of appealability regarding Mr. Cummings's statutory claim.

**I. The § 2255 Motion**

*Background*

The background facts necessary to understand Mr. Cummings's claim are brief and were set forth by the Seventh Circuit in the combined direct appeal of Mr. Cummings and his codefendant, James Pless. They are as follows:

> On June 12, 1991 a grand jury handed down a three-count superseding indictment in this case. In the first count Cummings, Pless and four others . . . were charged with conspiracy to manufacture methamphetamine in a quantity greater than 1000 grams, in violation of Section 841(a)(1). Under the second count Cummings, Pless and ten others . . . were charged with conspiracy to distribute methamphetamine in violation of the same statute. In the final count Cummings was charged with being a convicted felon in possession of firearms in or affecting commerce, in violation of Sections 922(g)(1) and 924(a)(2). Cummings, Pless and two others (Michael

Starks and Randall Newton) went to trial. Starks and Newton were acquitted, but Cummings and Pless did not fare so well and were convicted on all counts.

*United States v. Pless*, 982 F.2d 1118, 1121 (7th Cir. 1992). Because Mr. Cummings had a prior California felony drug conviction, his statutory term of imprisonment was not less than twenty years and not more than a life sentence. *See* 21 U.S.C. § 841(b)(1)(A). Mr. Cummings was sentenced to a term of life on Counts One and Two and a term of sixty months on Count Three, all of which were to be served consecutively. *Pless*, 982 F.2d at 1121.

*Discussion*

Mr. Cummings raises one claim in his § 2255 motion. He argues that his life sentence authorized by § 841 due to his prior California felony drug conviction is invalid because, following California Proposition 47 and a subsequent order from the California state court, that conviction has been reclassified as a misdemeanor. The respondent does not dispute that Mr. Cummings's prior felony drug conviction has been reclassified as a misdemeanor, but argues that Mr. Cummings is nevertheless not entitled to resentencing.

California Proposition 47, among other things, reduced certain California convictions from felonies to misdemeanors and also permitted certain previously convicted defendants to petition for a "recall of sentence," which, if granted, effectively reclassified their convictions from felonies to misdemeanors. *See* Cal. Penal Code § 1170.18(a). An exhibit submitted with Mr. Cummings's § 2255 motion shows that on August 29, 2016, his felony drug conviction was reclassified to a misdemeanor.[1]

---

[1] Mr. Cummings argues that his § 2255 motion is timely under *Johnson v. United States*, 544 U.S. 295 (2005). The respondent does not raise the statute of limitations as a defense, and thus the Court need not address it.

Section 841 provides in relevant part that, "[i]f any person commits [a violation of this section] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A). Whether or not Mr. Cummings's challenge has merit presents a straightforward question of statutory interpretation: did he commit the charged violation of § 841 "after a prior conviction for a felony drug offense has become final"?

"As in all statutory construction cases, [the Court] begin[s] with the language itself [and] the specific context in which that language is used." *McNeill v. United States*, 563 U.S. 816, 819 (2011) (citation and quotation marks omitted). The plain language of the statute suggests that the relevant inquiry requires the Court to determine whether the charged § 841 offense occurred *after a prior felony drug conviction became final*. This is a backward-looking inquiry that requires the Court to examine, when determining the appropriate sentencing range, whether the defendant committed the charged offense *after* another felony drug conviction was final. Here, it is undisputed that at the time of sentencing for his § 841 offense, Mr. Cummings's prior California felony drug conviction was final. The statutory language does not in any way suggest that it matters if the then final felony drug conviction is later reclassified under state law to a misdemeanor. Instead, the § 841 offense must have occurred after the prior felony conviction was final, and here, it is undisputed that it did. Mr. Cummings's claim therefore lacks merit based on the plain language of the statute.

The Ninth Circuit addressed an identical claim based on California Proposition 47 in *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), and reached the same conclusion. First, it noted that the Supreme Court in *McNeill* addressed a similar challenge by an individual whose sentenced was enhanced under the Armed Career Criminal Act ("ACCA"). In *McNeill*, one of the

petitioner's state convictions that qualified as a predicate ACCA conviction had been altered such that it no longer was a qualifying prior conviction. But the Supreme Court held that this did not affect his federal conviction, explaining that "the ACCA asked a 'backward-looking question' and the 'only way to answer [this question] is to consult the law that applied at the time of that conviction . . . [this] avoids the absurd results that would follow from consulting current state law to define a previous offense.'" *Diaz*, 838 F.3d at 973 (quoting *McNeill*, 563 U.S. at 819-20); *see United States v. Dyke*, 718 F.3d 1282, 1293 (10th Cir. 2013) ("The question posed by § 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have, as a matter of grace, permitted that conviction to be excused, satisfied, or otherwise set aside.").

Although the Ninth Circuit recognized that California Proposition 47 "presents a slight variation" on *McNeill*, it ultimately held that the result must be the same:

> Like the ACCA provision at issue in *McNeill*, § 841 is a "backward-looking," *McNeill*, 563 U.S. at 821, inquiry requiring only that a defendant have committed his federal crime "after two or more prior convictions for a felony drug offense *have become final*," 21 U.S.C. § 841(b)(1)(A) (emphasis added). The statute tells us what event triggers the enhancement: two state convictions that are "final." *Id.*

*Diaz*, 838 F.3d at 973; *see United States v. Perez*, 692 Fed. Appx. 502, 503-04 (10th Cir. 2017) (rejecting a claim that counsel was ineffective for failing to challenge a prior California conviction that served as a § 841 predicate offense but was reclassified by California law from a felony to a misdemeanor because the "decision to reclassify her state felony as a misdemeanor . . . does not change that historical fact" that it was a felony at the relevant time). As noted above, it is undisputed that Mr. Cummings qualified for his § 841 enhancement when he committed the offense because, at that time, his prior California felony drug conviction was final. Thus, like the petitioner in *Diaz*, "[t]here is no doubt [Mr. Cummings] committed a federal drug offense, nor is

there any doubt his state felony conviction[] 'ha[s] become final." *Diaz*, 838 F.3d at 975. Therefore, his § 841 sentence remains valid.

Finally, the foregoing conclusion aligns with the Seventh Circuit's recognition that—absent innocence or an error of law causing the conviction to be vacated, *see Johnson*, 544 U.S. at 303—changes to a state law predicate offense do not undermine a federal enhancement that was appropriate at the time. *See, e.g.*, *Graham*, 315 F.3d at 783 ("[E]xpunction does not alter or remove the existence of a prior conviction. Thus, the fact that [the petitioner] received probation that was later discharged does not alter the fact that he possesses a prior drug-related felony conviction qualifying him for the enhancement under § 841(b)(1)(B)."). Other circuits have reached this same conclusion in analogous cases. *See, e.g.*, *Diaz*, 838 F.3d at 972 ("[A] state's later dismissal or expungement of a predicate state conviction ha[s] no bearing on whether § 841's requirements were met."); *Dyke*, 718 F.3d at 1293 ("[A]s a matter of plain statutory meaning there's . . . no question [the petitioner] . . . engaged in a second drug offense "after a conviction" for a first one."); *United States v. Law*, 528 F.3d 888, 911 (D.C. Cir 2008) ("For purposes of sentences imposed under § 841, however, Congress has not exempted from the 'prior convictions' that must be counted those convictions removed from a criminal record for policy reasons unrelated to innocence or an error of law. The courts of appeals that have considered this § 841 question therefore have counted prior felony drug convictions even where those convictions had been set aside, expunged, or otherwise removed from a defendant's record for such reasons.").

The petitioner resists this conclusion by arguing that California Proposition 47 "retroactively" reduced his prior felony conviction to a misdemeanor, meaning his prior felony conviction must be treated as if it never occurred. But "[f]ederal law, not state law, defines what is considered a conviction for the purposes of § 841(b)[.]" *Graham*, 315 F.3d at 783 (citing

*Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103 (1983)).  Simply put, California law cannot impact what constitutes a predicate § 841 conviction under federal law.  As noted by the Ninth Circuit, "Congress could, of course, give retroactive effect to changes in state law for purposes of federal statutes" and "has done so in other circumstances," but "in § 841, Congress did not."  *Diaz*, 838 F.3d at 974.  Therefore, "even if California decided to give Proposition 47 retroactive effect for purposes of its own *state* law, that would not retroactively make [Mr. Cummings's] felony conviction a misdemeanor for purposes of *federal* law."  *Id.* at 975.

In sum, Mr. Cummings violated § 841 "after a prior conviction for a felony drug offense has become final."  21 U.S.C. § 841(b)(1)(A).  Although he understandably takes the position that his prior felony conviction should no longer be used to enhance his sentence because it is now a misdemeanor, federal law provides otherwise.

*Evidentiary Hearing*

An evidentiary hearing is unnecessary when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see Boulb v. United States*, 818 F.3d 334, 339-40 (7th Cir. 2016) ("The Court should . . . conduct an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief." (citation and quotation marks omitted).  Mr. Cummings's claim presents a purely legal question and the parties do not dispute any relevant facts.  Accordingly, an evidentiary hearing is unwarranted in this case.

*Conclusion*

The motion for relief pursuant to § 2255 is **denied**.  Judgment consistent with this Entry shall now issue.

This Entry shall also be entered on the docket in the underlying criminal action, No. 1:91-cr-00049-SEB-MJD-1.

## II. Certificate of Appealability

A certificate of appealability can only issue "if the applicant has made a substantial showing of the denial of a *constitutional* right." 28 U.S.C. § 2253(c)(2) (emphasis added). Mr. Cummings's claim is based entirely on the proper interpretation of § 841—that is, it is a statutory, rather than a constitutional, claim. *See United States v. Bell*, 689 Fed. Appx. 598, 599 (10th Cir. 2017) (holding that the petitioner's challenge to his § 841 enhancement based on California Proposition 47's reclassification of a prior felony to a misdemeanor was a statutory claim for which a certificate of appealability cannot be granted). Because the Court has no legal authority to grant Mr. Cummings a certificate of appealability, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

Date: 11/30/2017

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL LLOYD CUMMINGS
03723-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov